UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARLENE GOMES,

NO. CIV. S-06-1921 LKK/KJM

Plaintiff,

v.

O R D E R

MICHAELS STORES, INC.;
BROADSPIRE SERVICES, INC.;
KRISTINE BLAS AND DOES 1-100,

Defendants.
_______________________________/

## I. Background

Pending before the court is an action brought by an employee against her employer, the worker's compensation insurance carrier, and the carrier's claims representative.[1] The claims representative, Kristine Blas, is a non-diverse party whose presence deprives the court of diversity jurisdiction.

---

[1]Plaintiff alleges several claims, including, among other things, wrongful termination in violation of public policy, invasion of privacy, fraud, and intentional infliction of emotional distress.

Defendants allege in their removal notice that Blas was fraudulently joined and that diversity jurisdiction is therefore proper. Def.'s Notice of Removal ¶ 5. Plaintiff did not file a motion for remand. However, the court has an independent duty to ensure that subject matter jurisdiction exists. See 28 U.S.C. § 1447.

**II. Standard**

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998), (internal quotations omitted); see also McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Where a non-diverse defendant has been fraudulently joined to an otherwise completely diverse case, that defendant is disregarded for purposes of diversity jurisdiction. See, e.g., Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).

If, however, there is a non-fanciful possibility that plaintiff can state a claim under state law against the non-diverse defendants, the court must remand. Macey v. Allstate Property and Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities"). The removing

defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. Sanchez Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996). Federal jurisdiction must be rejected if there is "any doubt" as to whether removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

**III. Analysis**

First, it is clear that if defendant Blas was acting within the scope of her employment, she cannot be held personally liable. California courts have held that liability to the insured "for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company." Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (4th Dist. 1966). Furthermore, "it is settled law that an insurance agent acting within the course and scope of his employment cannot be held liable for damages resulting from a negligent failure to insure." Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992).

The rule is the same even if a tort, rather than mere negligence, is alleged. Although agents may at times be held liable for torts committed within the scope of their employment, this does not hold true in the insurance context. Good v. Prudential Ins. Co. of America, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (finding that an insurance agent fraudulently joined even where torts were alleged). Similarly, even if defendant Blas aided and abetted defendant Michaels in disability

discrimination, liability for this action would only flow to Blas' employer, Broadspire, if she acted within the scope of her employment. Reno v. Baird, 18 Cal. 4th 640, 656 (1998).

The more difficult question presented by this case is whether plaintiff has sufficiently alleged that defendant Blas acted outside the scope of her employment. The complaint states that all defendants' acts were "were performed partly within and partly outside the course and scope of their authority and employment." Compl. ¶ 7. Defendant argues that plaintiff has not made any factual allegations to support this claim. In response, plaintiff points to an incident, detailed in the complaint, in which Blas is alleged to have intentionally sent an incorrect job description to a doctor in order to induce him to make a particular recommendation.[2] Compl. ¶ 44. Plaintiff reasons that this act must be outside the scope of Blas' employment, because presumably her employer would not authorize its employees to make fraudulent representations.

Under well-settled California law, this factual allegation would not support a colorable claim. The scope of one's employment extends beyond that which one is authorized to do. See Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 208 (1991) (holding that tortious conduct that violates an employer's express orders and that is not in the employer's interests may

[2] The court presumes that plaintiff cites to this incident as one example, rather than as the only example, of conduct allegedly outside the scope of Blas' employment.

still be within the scope of employment); see also Lisa M. V. Henry Mayo Newhall Memorial Hospital, 12 Cal. 4th 291, 296 (1995) ("Equally well established, if somewhat surprising on first encounter, is the principle that an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment . . . even though the employer has not authorized [them].").

Accordingly, the court must address the issue of whether a bare assertion that a defendant acted outside the scope of her authority, without any specific factual allegations, is sufficient to state a claim under California law. The court holds that it is not. See Blank v. Kirwan, 39 Cal. 311, 318 (1985) (holding that the standard for a failure to state a claim is whether "the complaint states facts sufficient to constitute a cause of action"); see also Addison v. Allstate Ins. Co., 58 F. Supp. 2d 779, 734 (S.D. Miss. 1999) (noting that a plaintiff "must plead specific facts, not mere conclusory allegations" to defeat charge of fraudulent joinder) (internal quotation marks omitted); Badon v. RJR Nabisco, Inc., 224 F.3d 382 (5th Cir. 2000) (finding fraudulent joinder where complaint alleging conspiracy failed to detail "any particular or specific activity, agreement, or statement of mind" on the part of sham defendants). Moreover, Blas has also provided her sworn declaration that she was acting in the scope of her employment. Blas Decl. ¶ 2. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) ("[F]raudulent joinder claims may be

resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (internal quotation marks omitted); see also McCabe, 811 F.2d at 1339 (finding fraudulent joinder where defendants submitted sworn statements that they were acting within the scope of their employment).

Accordingly, Blas is an improperly joined defendant and is hereby DISMISSED pursuant to Rule 21. Fed. R. Civ. P. 21. As there is complete diversity between the remaining parties in the case, subject matter jurisdiction is proper.

IT IS SO ORDERED.

DATED: October 26, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT